PER CURIAM:
This is a claim for the award of uncompensated annual leave. It appears uncontroverted from the facts that claimant Hill had accrued 49 days of annual leave. Upon his separation from employment in 1985, he was compensated for only 30 of the 49 days. Mr. Hill accordingly seeks an award for the 19 days that were uncompensated, and an additional two holidays in November, totaling 21 days. The per day gross earnings for claimant Hill was $96.15 for a total claim in the amount of $2,019.15.
Claimant Blower alleges similar facts and circumstances. He had accumulated 53 days of unexpended leave by the date of his resignation in 1985. Respondent paid him for 29 of those days, leaving 24 days uncompensated. Three additional days for holidays were also to be paid to Mr. Blower. The holidays involved were Christmas, New Year’s Day, and Martin Luther King Day. In total, 27 days were not compensated, which comprises claimant’s claim. The 27 days multiplied by his average per day rate of $97.55 equals the sum of $2,633.85 (claimant asserts the sum of $2,633.95 but the correct sum is $2,633.85. Mr. Blower seeks to recover this amount. Neither the number of days nor the rate of compensation were contested by the respondent.
During the tenure of the claimants with the respondent, respondent engaged in a *49 practice of compensating annual leave beyond a 30 day carryover limitation, although respondent’s personnel guidelines, effective as of July 1, 1984, and specifically enumerated as section 5.02, prohibits such practice. It appears from the testimony that respondent’s management permitted this practice of compensating annual leave beyond the 30 day carryover period by accepting and extending resignation or departure dates, and by including and extending annual leave for holidays occurring within the accrued leave periods.
Claimant further contend that a “grandfather clause” permitted them to receive compensation of actual annual leave beyond the 30 day carryover policy adopted as of December 31, 1985, as their employment occurred prior to the adoption of the particular provision.
It appears to the Court that the custom practice of the respondent was to provide full compensation for annual leave, although the annual leave exceeded the 30 day limitation. Claimants relied upon this practice in contemplation of their resignations. The Court is of the opinion that equity and good conscience dictate that the claimants herein receive full compensation for their unexpended annual leave as agreed to by the parties at the time of their resignations.
The Court therefore makes an award to Mr. Hill in the amount of $2,019.15 and the Court makes an award to Mr. Blower in the amount of $2,633.85.
Award of $2,019.15 to Karl F. Hill.
Award of $2,633.85 to Walter C. Blower.